# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

OSCAR GARCIA,

    Petitioner,

v.                                          No. 2:25-cv-21-KWR/GJF

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Oscar Garcia's 28 U.S.C. § 2241 Habeas Petition (Doc. 1) (Petition).   Petitioner is a federal prisoner and is proceeding *pro se*.   He alleges the Bureau of Prisons (BOP) is improperly denying him eligibility for good time credits earned under the First Step Act ("FSA").   (Doc. 1) at 2-5.   Petitioner states the denial of the credits "is based on the possible deportation restricting eligibility."   *Id.* at 2.   In 2018, Congress enacted the FSA, requiring the BOP to develop a "risk and needs assessment system" concerning recidivism and recidivism reduction for federal prisoners.   18 U.S.C. § 3632(a).   The FSA mandates that the system "shall provide incentives and rewards for prisoners to participate in and complete evidence-based recidivism reduction programs."   *Id.* § 3632(d).   One of the incentives is earning good time credits.   *Id.* § 3632(d)(4).

An action challenging an alleged deprivation of good time credits is an action attacking "the fact or duration of a prisoner's confinement," and is properly considered in a habeas petition under 28 U.S.C. § 2241.   *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997); *Yellowbear v. Wyoming Att'y Gen.,* 525 F.3d 921, 924 (10th Cir. 2008) ("Section 2241 is a vehicle

... for attacking the execution of a sentence."); *Hale v. Fox*, 829 F.3d 1162, 1165 n.2 (10th Cir. 2016) (noting Section 2241 is the appropriate vehicle for challenging miscalculation of sentence/credits).   When a pleading seeks a shorter sentence under Section 2241, "jurisdiction lies in only one district: the district of confinement."   *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004); *see also Brace v. United States,* 634 F.3d 1167, 1169 (10th Cir. 2011) (claims that "attack the execution of a sentence … must be filed in the district where the prisoner is confined"); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (same).   Petitioner is currently confined at Three Rivers FCI in Live Oak County, Texas, within the jurisdiction of the United States District Court for the Southern District of Texas, Corpus Christi Division.   *See* https://www.bop.gov/inmateloc/ (last visited May 18, 2026); 28 U.S.C. § 124 (The Southern District of Texas, Corpus Christi Division, comprises Live Oak County).   The Petition must be resolved in that Federal Court.

District Courts may *sua sponte* consider dismissal or transfer when jurisdictional defects are clear from the face of the proceeding.   *See Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006).   In lieu of dismissal, and in the interest of justice, the Court may transfer a case to any district where venue and jurisdiction are proper.   *See Johnson v. Christopher*, 233 Fed. App'x 852, 854 (10th Cir. 2007) ("To be sure, the district court has discretion … to transfer [an inmate's] case" *sua sponte*).   To determine whether a transfer is in the interest of justice, courts consider: "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith … ."   *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008); *see also Faulkenburg v. Weir,* 350 Fed. App'x 208, 210 (10th Cir. 2009) (applying the same factors to a transfer).   The claims here are not time-barred; "there is no statute of limitations for petitions invoking § 2241."   *Craig v. United States*, 844 Fed.

2

App'x 96 (10th Cir. 2021).   An allegation that the BOP miscalculated Petitioner's good time credits may survive initial review.   And, while Petitioner directs his concerns to the sentencing court, rather than raising them in the district of confinement, this is a common mistake for *pro se* litigants.   The Court therefore finds the Petition was filed in good faith.

For these reasons, the Court will transfer this case to the United States District Court for the Southern District of Texas, Corpus Christi Division.   Petitioner may or may not be asked to file his claims on the proper Section 2241 form, which provides more information, and pay the $5 habeas filing fee in the Texas Court.   For convenience, and to the extent Petitioner would like a copy of relevant forms, the Court will direct the District of New Mexico Clerk's Office to mail him a blank Section 2241 form and a blank *in forma pauperis* application.   **Petitioner is reminded that all further pleadings and payments should be submitted to the United States District Court for the Southern District of Texas, Corpus Christi Division.**

IT IS ORDERED that the Clerk's Office shall:

1.   TRANSFER this proceeding, including the Petition (Doc. 1), to the United States District Court for the Southern District of Texas, Corpus Christi Division;

2.   CLOSE this civil case; and

3.   MAIL Petitioner a blank Section 2241 habeas petition and a blank motion to proceed *in forma pauperis*, should he wish to file those forms in the Texas Court.

_____/S/ KEA W. RIGGS_____
UNITED STATES DISTRICT JUDGE

3